UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRYAN ALAN L.,[1] <br><br> Plaintiff, <br><br> v. <br><br> MARTIN J. O' MALLEY, Commissioner of Social Security Administration,[2] <br><br> Defendant. | Case No. 4:23-cv-00062-DKG <br><br> **MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Plaintiff filed a Complaint with this Court seeking judicial review of the Commissioner's denial of his application for disability and disability insurance benefits. (Dkt. 1). The matter is fully briefed and at issue. (Dkt. 20, 24). Having carefully reviewed the parties' memoranda and the entire administrative record (AR), the Court will reverse and remand the decision of the Commissioner for the reasons set forth below.

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Martin J. O'Malley is substituted for Kilolo Kijakazi pursuant to Federal Rule of Civil Procedure 25(d). O'Malley became the Commissioner of Social Security Administration on December 20, 2023.

## BACKGROUND

On March 10, 2020, Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning on December 30, 2018. (AR 15). Plaintiff's application was denied initially on August 25, 2020, and upon reconsideration on March 17, 2021. (AR 15).

A hearing was conducted on September 24, 2021, before Administrative Law Judge (ALJ) Stephen Marchioro.[3] After considering testimony from Plaintiff and a vocational expert, on February 1, 2022, the ALJ issued a written decision finding Plaintiff not disabled. (AR 15-28). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision final. *See* 42 U.S.C. § 405(h). Plaintiff timely filed this action seeking judicial review of the ALJ's decision. (Dkt. 1). The Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

At the time of the alleged disability onset date, Plaintiff was forty-five years of age. (AR 26). Plaintiff has at least a high school education. He has past relevant work experience as a job coach and office manager. (AR 26). Plaintiff claims he is unable to work due to rheumatoid arthritis ("RA") and osteoarthritis of the lower spine/left hip. (Dkt. 20 at 1).

## THE ALJ DECISION

Disability is the "inability to engage in any substantial gainful activity by reason

---

[3] The hearing was conducted by video teleconference due to the Coronavirus Pandemic of 2019 (COVID-19). (AR 15, 34-73.)

**MEMORANDUM DECISION AND ORDER - 2**

of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential process in determining whether a person is disabled or continues to be disabled within the meaning of the Social Security Act (SSA). *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 404.1594.

Here, at step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (AR 18). The ALJ noted that Plaintiff received private long-term disability insurance benefits at the end of 2019, but receipt of those benefits does not constitute substantial gainful activity. (AR 18). The ALJ also noted Plaintiff worked after the alleged disability onset date, but this work activity did not rise to the level of substantial gainful activity. (AR 18).

At step two, the ALJ determined Plaintiff suffers from the following medically determinable severe impairments: rheumatoid arthritis, lumbar degenerative disc disease, hypothyroidism, hypertension, and obesity. (AR 18). At step three, the ALJ determined that, through the date last insured, Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. (AR 18-20).

The ALJ next found Plaintiff retained the residual functional capacity (RFC) to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) with the following limitations: claimant can occasionally climb ramps or stairs; can never climb ladders,

ropes, or scaffolds; can occasionally stoop, kneel, crouch, or crawl; can frequently handle and finger with bilateral upper extremities; can tolerate occasional exposure to vibrations; must avoid all exposure to extreme cold, moving mechanical parts, and unprotected heights. (AR 20).

At step four, the ALJ concluded that Plaintiff is capable of performing his past relevant work as a job coach and office manager, because this work does not require performance of work-activities precluded by Plaintiff's RFC. (AR 26). The vocational expert testified Plaintiff would be able to perform his past relevant work as generally performed in the national economy. (AR 26).

Alternatively, relying on testimony from the vocational expert, the ALJ found at step five that there are other jobs that exist in the national economy that Plaintiff could make a successful adjustment to, considering his age, education, work experience, and RFC, such as addressing clerk, document preparer, and order clerk. (AR 26-28). The ALJ therefore determined Plaintiff was not disabled. (AR 28).

## ISSUE FOR REVIEW

1. Whether the ALJ properly evaluated the medical opinion evidence of Steven H. Lofgran, M.D.

## STANDARD OF REVIEW

The Court must uphold an ALJ's decision unless: 1) the decision is based on legal error, or 2) the decision is not supported by substantial evidence. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "such relevant evidence as a

**MEMORANDUM DECISION AND ORDER - 4**

reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance of evidence. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

In making its determination, the Court considers the administrative record as a whole, weighing both the evidence that supports, and the evidence that does not support, the ALJ's conclusion. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). The Court considers only the reasoning and actual findings identified by the ALJ and may not affirm for a different reason or based on post hoc rationalizations attempting to infer what the ALJ may have concluded. *Id.* at 1010; *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009).

If the ALJ's decision is based on a rational interpretation of conflicting evidence, the Court must uphold the ALJ's finding. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). The Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999). The Court will not reverse the ALJ's decision if it is based on harmless error, which exists where the error is "inconsequential to the ultimate nondisability determination, or if despite the legal error, the agency's path may reasonably be discerned." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal marks and citations omitted); *see also Molina v. Astrue*, 674 F.3d 1104, 1117–1122 (9th Cir. 2012).

## DISCUSSION

1.        **Medical Opinion Evidence**

        **a.  Legal Standard**

Under the regulations governing an ALJ's evaluation of medical opinion evidence for claims filed on or after March 27, 2017, such as here, the ALJ is not required to give deference to any medical opinion, including treating source opinions. 20 C.F.R. § 404.1520c; *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) (ALJs no longer need to "provide 'specific and legitimate reasons' for rejecting a treating or examining doctor's opinion."). Instead, the ALJ evaluates the persuasiveness of the opinions based on several factors. 20 C.F.R. § 404.1520c(a). These are: supportability, consistency, relationship to the claimant, specialization, and other factors. 20 C.F.R. § 404.1520c(c)(1)-(5). The most important factors in the evaluation process are supportability and consistency. 20 C.F.R. § 404.1520c(b)(2).

"Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant ... objective medical evidence.'" *Woods*, 32 F.4th at 791-792 (quoting 20 C.F.R. § 404.1520c(c)(1)). "Consistency means the extent to which a medical opinion is 'consistent ... with the evidence from other medical sources and nonmedical sources in the claim.'" *Id*. (quoting 20 C.F.R. § 404.1520c(c)(2)).

Under this framework, the ALJ is required to articulate how persuasive they find the evidence and explain how the supportability and consistency factors were considered. 20 C.F.R. § 404.1520c(b)(2). The ALJ may, but is not required to, explain how the other persuasive factors in paragraphs (c)(3) through (c)(5) were considered. 20 C.F.R.

§ 404.1520c(b)(2). However, when two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported ... and consistent with the record ... but are not exactly the same," the ALJ is required to explain how the other factors were considered. 20 C.F.R. § 404.1520c(b)(3). The ALJ's persuasiveness determination under the revised regulations must be supported by substantial evidence. *See Woods*, 32 F.4th at 787 ("Now, an ALJ's decision, including the decision to discredit any medical opinion, must simply be supported by substantial evidence.").

With the above considerations in mind, the Court now turns to the ALJ's evaluation of the medical opinion.

### b. Dr. Lofgran's Medical Opinion

Dr. Lofgran, Plaintiff's treatment provider since January 10, 2018, completed a "To whom it may concern" letter on December 4, 2020, stating Plaintiff was a long-term patient of his, diagnosed with rheumatoid arthritis and lumbosacral radiculopathy. (AR 1288). Lofgran noted Plaintiff's previous RA treatment consisted of biologic medications, DMARD therapies, anti-inflammatories, pain medications, and at-home therapies, but Plaintiff has continued to have debility from the RA, manifesting as weakness in the hands and worsening arthralgias. (AR 1288). Lofgran stated that per his discussion with Plaintiff, the pain is steady and strong, and he is losing his ability to grip things. (AR 1288). He further stated Plaintiff's back pain resulted in radiating pain and weakness, Plaintiff had reported several falls, and that use of a cane for assistance was becoming less of a benefit. (AR 1288). Lofgran noted that he has worked with Plaintiff

for his back pain using therapy, anti-inflammatories, and neuroleptic pain medication, and although imaging has not suggested a direct benefit for surgery, that may change in the future. (AR 1289). Lofgran opined that although Plaintiff has tried multiple medical and interventional therapies for his RA and back pain, he has not seen improvement such that Plaintiff would be able to return to work at this time. (AR 1289).

     On May 20, 2021, Lofgran completed a physical medical source statement, noting that he had been treating Plaintiff for about 5 years and had appointments with him typically every three months. (AR 1373). Lofgran stated Plaintiff's diagnoses included RA, lumbago and radiculopathy, and that his prognosis was guarded. (AR 1373). Lofgran detailed Plaintiff's symptoms as back pain radiating down his legs; weakness, and hand/wrist pain. (AR 1373). When asked to identify the clinical findings and objective signs in support of his opinion, Lofgran listed that Plaintiff exhibits weakness and antalgic gait, and the MRI data showing nerve impingement. (AR 1373). Lofgran opined the following limitations: walk for less than one city block; sit for 15 minutes at one time; stand for 5 minutes at one time; sit/stand/walk for less than 2 hours in a work day; would require shifting positions at will; would require unscheduled breaks every 10 minutes for about 15 minutes; use of assistive device when standing/walking; occasionally lift/carry less than 10 pounds; rarely lift/carry 10 pounds; never lift/carry 20 pounds; occasionally twist; never stoop, crouch/squat, climb stairs/ladders; use bilateral upper extremities less than 5 percent of the workday for gross manipulation, fine manipulation, and reaching in all directions; would likely be off task more than 25 percent of the workday; and would

**MEMORANDUM DECISION AND ORDER - 8**

likely be absent more than four days per month. (AR 1374-76).

### c. The ALJ's Decision

The ALJ found Lofgran's opinion unpersuasive, stating:

> The undersigned finds the opinion of Dr. Lofgran regarding the claimant's ability to engage in work at less than sedentary exertional level with ability to stand for more than "a few" minutes to an hour at a time; sit for 15 minutes to an hour at a time; and walk for less than hour at a time for less than 2 hours total in an 8-hour workday; never climb stairs; never reach overhead bilaterally; never crouch; never kneel; never stoop; never bend; handle and finger between never and 5% in an 8-hour workday; be off task for more than 25% of an 8-hour workday; and be absent from work more than 4 days per work month unpersuasive (Exhibits 11F, 13F/283-286, 13F/444 & 546-547). The undersigned notes Dr. Lofgran heavily relied on the claimant's subjective complaints to support his opinion. The undersigned notes Dr. Lofgran's opinion is inconsistent with the prior administrative findings of Dr. Cusack as well as the normal physical examination findings and the claimant's activities of daily living during the relevant period.

(AR 25-26).

### d. Analysis

Plaintiff argues the ALJ erred by failing to properly explain his evaluation of the supportability and consistency factors and, thus, the RFC determination is unsupported by substantial evidence. (Dkt. 20). Defendant maintains the ALJ reasonably evaluated Lofgran's opinion consistent with the applicable regulations, and that the ALJ's evaluation is supported by substantial evidence. (Dkt. 24). Having carefully reviewed the record, the Court finds the ALJ erred in evaluating Lofgran's opinion.

#### i. Supportability

The ALJ found Lofgran's opinion unpersuasive because he heavily relied on

Plaintiff's subjective allegations to support his opinion. (AR 25). Plaintiff argues the ALJ's conclusory supportability finding is improper and based on speculation. (Dkt. 20 at 13). Defendant maintains the ALJ reasonably evaluated Lofgran's medical opinion but does not provide specific argument in support of the ALJ's supportability determination. (Dkt. 24 at 3-7).

The Court finds that the ALJ failed to evaluate the supportability of Lofgran's opinion pursuant to the applicable regulations. The supportability factor requires the ALJ to consider how "relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s)" in determining the persuasiveness of the opinion. 20 C.F.R. § 404.1520c(c)(1). Here, the ALJ's only supportability consideration is his finding that Lofgran heavily relied on Plaintiff's subjective complaints to support his opinion. However, the ALJ ignored the objective evidence Lofgran listed in the medical source statement in his evaluation of Lofgran's opinion. (AR 25). Lofgran's opinion specifically noted the objective findings and signs supporting his opinion, such as Plaintiff exhibiting weakness and antalgic gait and the MRI findings with nerve involvement, demonstrating that the opinion was based on more than just Plaintiff's subjective complaints. (AR 1373). While a medical opinion can be properly disregarded if the ALJ concludes it is based on the subjective complaints of a claimant whose credibility has been discounted, here, the ALJ only stated that Lofgran heavily relied on Plaintiff's complaints for support, without considering any of the objective evidence used in support of Lofgran's opinion. *Tonapetyan v. Halter*, 242

**MEMORANDUM DECISION AND ORDER - 10**

F.3d 1144, 1149 (9th Cir. 2001); (AR 25). If the ALJ had concluded that Lofgran relied more heavily on Plaintiff's subjective complaints in comparison to the objective observations and findings in the record, and supported that conclusion with substantial evidence, that may have been a legitimate reason to discount Lofgran's opinion. *Gallant v. Saul*, 783 F. App'x 688, 691 (9th Cir. 2019); *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017).

However, the ALJ's singular statement that Lofgran heavily relied on Plaintiff's subjective complaints to support his opinion provides no insight for whether or how the ALJ evaluated the objective medical evidence noted in Lofgran's opinion. The ALJ therefore erred by failing to explain how he evaluated the supportability factor. *See Woods*, 32 F.4th at 792. The ALJ does not mention or cite to the relevant objective evidence which Lofgran relied upon in formulating his opinion, nor provide any explanation for finding that Lofgran's opinion is unsupported by those objective findings. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) ("[W]hen an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion."). Absent some discussion by the ALJ of the objective evidence relied upon by Lofgran, the ALJ's decision is unclear on this point, and the Court is unable to meaningfully review the ALJ's evaluation of the supportability factor. Accordingly, the ALJ's reasoning that Lofgran's opinion is unpersuasive based solely on his reliance on Plaintiff's subjective complaints is not supported by substantial evidence.

**MEMORANDUM DECISION AND ORDER - 11**

Regulations governing evaluations of medical opinion evidence establish the articulation requirements which require the ALJ to provide a coherent explanation of their reasoning sufficient for review. *See Woods*, 32 F.4th at 792 (ALJ must explain how they considered the supportability and consistency factors.); *Brown-Hunter*, 806 F.3d at 492 ("[T]he agency [must] set forth the reasoning behind its decisions in a way that allows for meaningful review."); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) ("Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence."); *Tracy S. v. Comm'r of Soc. Sec. Admin.*, 2023 WL 2889778, at *3-4 (D. Or. April 11, 2023). The ALJ is required to do more than offer his own conclusions, he must explain why his own interpretations, rather than the interpretations of the physician, are correct. *Shannon B. v. Comm'r SSA*, 2023 U.S. Dist. LEXIS 11745, at *11 (D. Or. Jan. 24, 2023) (citing *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1299 (9th Cir. 1999)). The ALJ erred by failing to do so here, and therefore the Court cannot determine whether the ALJ's supportability determination is supported by substantial evidence.

    **ii.**     **Consistency**

Next, the ALJ found Lofgran's opinion was inconsistent with prior administrative findings by Dr. Cusack, normal physical examination findings, and Plaintiff's activities of daily living. (AR 26). Plaintiff contends the ALJ erred in his consistency evaluation and provided only conclusory statements with no supporting citations to the evidence.

(Dkt. 20 at 14-15). Defendant maintains the ALJ appropriately evaluated the consistency factor and the ALJ's conclusion is supported by evidence in the record. (Dkt. 24 at 4-6). While Defendant's brief provides detailed explanations of inconsistencies between Lofgran's opinion and the three conclusory consistency findings provided by the ALJ (Dkt. 24 at 4-7), the ALJ's decision itself does not set forth the connections articulated by Defendant. *Woods*, 32 F.4th at 792. The Court has carefully reviewed the ALJ's entire decision. As with the supportability factor discussed above, the Court finds the ALJ erred by failing to properly explain his evaluation of the consistency factor.

As to "consistency", the proper analysis requires the ALJ to evaluate the extent to which Lofgran's opinions were consistent with the medical or nonmedical evidence elsewhere in the record. *See Lewis v. Comm'r of Soc. Sec. Admin.*, 625 F. Supp. 3d 942, 950 (D. Ariz. Sept. 2, 2022). While the ALJ stated potentially valid reasons for finding Lofgran's opinion unpersuasive – inconsistency with other medical opinions, objective medical evidence, and Plaintiff's activities of daily living – the ALJ erred in failing to provide an adequate explanation of his reasoning to allow for meaningful review. (AR 26); *See Woods*, 32 F.4th at 792 (ALJ must explain how they considered the supportability and consistency factors.); *Brown-Hunter*, 806 F.3d at 492 ("[T]he agency [must] set forth the reasoning behind its decisions in a way that allows for meaningful review."); *Treichler*, 775 F.3d at 1103 ("ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence."). For instance, the ALJ does not identify what inconsistencies he found

**MEMORANDUM DECISION AND ORDER - 13**

between the opinions of Lofgran and Cusack. Rather, the ALJ simply provides broad and conclusory statements without any explanation or citations to the record. (AR 26). This fails to satisfy the articulation requirements.

First, the ALJ found Lofgran's opinion to be "inconsistent with prior administrative findings by Dr. Cusack" but provided none of the required explanation. (AR 26). While the ALJ evaluates Cusack's medical opinion earlier in the decision and finds it to be persuasive, it is unclear whether the ALJ found Lofgran's opinion inconsistent with objective findings relied upon by Cusack, or inconsistent as to Cusack's overall opinion as to Plaintiff's limitations. *See Massey v. Kijakazi*, No. 21-35986, 2022 U.S. App. LEXIS 31399, 2022 WL 16916366, at *1 (9th Cir. Nov. 14, 2022) ("[a]n ALJ errs when [they] reject[] a medical opinion or assign[] it little weight while doing nothing more than [] asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for [their] conclusion") (quoting *Garrison*, 759 F.3d at 1012-13); *see also, e.g., Deisenroth v. Berryhill*, 2020 U.S. Dist. LEXIS 52741, at *38-39 (N.D. Cal. Mar. 26, 2020) (The ALJ "failed to engage with the evidence and opinions" of a treating source when the ALJ simply discounted the opinion based on the conclusory statement that the treating source's opinion was "not consistent" with other medical opinions). The ALJ failed to explain what evidence in Cusack's findings he found inconsistent with Lofgran's opinion, and therefore the Court is unable to determine if the ALJ's conclusion that the two opinions were inconsistent is supported by substantial evidence. *See Brown-*

**MEMORANDUM DECISION AND ORDER - 14**

*Hunter*, 806 F.3d at 489. The ALJ must do more than state conclusions. *Garrison*, 759 F. 3d at 1012. Here, the ALJ erred by neglecting to explain the discrepancies between these findings.

Second, the ALJ stated Lofgran's opinion was inconsistent with normal physical examination findings. (AR 26). Similar to his statement regarding the inconsistency with other medical opinions, the ALJ discusses the objective medical evidence including some normal physical examination findings, earlier in his decision, but does not further explain or cite to those records in evaluating Lofgran's opinion. (AR 22, 26). The ALJ's consistency finding here does not refer to specific medical evidence or provide further detail as to why "normal physical examination findings" are inconsistent with Lofgran's opinion. The ALJ's general statement, without further explanation or citation, that Lofgran's opinion is inconsistent with normal physical examination findings is not sufficient to establish a contradiction. *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998) (The ALJ "may reject the opinion of a [] physician by reference to specific evidence in the medical record"). By failing to explain with sufficient detail what medical evidence he found to be inconsistent with Lofgran's opinion, the ALJ failed to demonstrate that he meaningfully evaluated the consistency of the opinion, and therefore did not comply with the regulations concerning medical opinion evaluations. Accordingly, the ALJ failed to provide sufficient explanation for his consistency finding to allow the Court to determine whether it was supported by substantial evidence.

Finally, the ALJ's boilerplate conclusion that Plaintiff's daily activities were

**MEMORANDUM DECISION AND ORDER - 15**

inconsistent with Lofgran's opinion cannot be meaningfully considered, let alone determined whether it is supported by substantial evidence. The ALJ discussed Plaintiff's daily activities earlier in the decision, observing that Plaintiff was able to perform household chores, perform small household repairs, care for his grandson, prepare simple meals, shop in stores, mow his lawn, and drive a motor vehicle, among other activities. (AR 22-23). However, the ALJ did not specify which of these activities he found to be inconsistent with Lofgran's opinion, nor offer any explanation of the reasoning underlying his conclusion. (AR 26). While the ALJ's earlier discussion of daily activities offers some indication of possible grounds supporting the ALJ's decision, the Court may not speculate as to the ALJ's reasoning. *Regennitter*, 166 F.3d at 1299; *Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991) ("[A] reviewing court should not be forced to speculate as to the grounds for an adjudicator's rejection" of certain evidence.); *Treichler*, 775 F.3d at 1103. Particularly where, as here, the decision offers only a generalized conclusion in which the ALJ failed to specify which of Plaintiff's daily activities is inconsistent with aspects of Lofgran's opinion, the Court finds "the ALJ failed to build a logical bridge between the evidence and [his] conclusion." *Harrison v. Saul*, 2019 U.S. Dist. LEXIS 161078, at *7 (D. Idaho Sept. 16, 2019). Accordingly, the ALJ erred by failing to comply with the regulations and provide sufficient evidence to support his finding that Lofgran's opinion was inconsistent.

      For those reasons, the Court is unable to discern the ALJ's reasoning for his finding that Lofgran's medical opinion was unpersuasive, and consequently, to

meaningfully review whether his evaluation of the opinion was supported by substantial evidence and consistent with the regulations.

### e. Harmlessness

The Court further finds the errors in the ALJ's evaluation of Lofgran's medical opinion evidence were not harmless. *Molina*, 674 F.3d at 1115. Harmless error is "inconsequential to the ultimate nondisability determination," or "if the agency's path may reasonably be discerned," even if the agency "explains its decision with less than ideal clarity." *Treichler*, 775 F.3d at 1099 (quoting *Molina*, 674 F.3d at 1115). Determining whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d. at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111)).

Here, the ALJ failed to provide substantial evidence to support his finding that Lofgran's opinion was unpersuasive. If the ALJ had considered some or all of the limitations included in Lofgran's opinion and incorporated those limitations in making a determination as to Plaintiff's RFC, then the outcome of the disability determination may have been different. Thus, the ALJ's error was not inconsequential to the disability determination. The Court is unable to discern the ALJ's reasoning relevant to the evaluation of Lofgran's opinion evidence, even when considering the written decision in its entirety. *Brown-Hunter*, 806 F.3d at 492; *Molina*, 674 F.3d at 1113. As discussed

**MEMORANDUM DECISION AND ORDER - 17**

herein, the ALJ's conclusory statements provide no explanation of his reasoning and the Court may not speculate as to the basis for the ALJ's decision. The errors within the ALJ's evaluation of Lofgran's opinion therefore were not harmless. *Treichler*, 775 F.3d at 1099.

## CONCLUSION

Based on the foregoing, the Court finds harmful error in the ALJ's evaluation Lofgran's opinion. Therefore, the disability determination is not supported by the record. The Court will reverse and remand the ALJ's decision for further administrative proceedings.

The decision whether to remand for further proceedings or award immediate benefits is within the discretion of the Court. *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017). Remand for a direct award of benefits is generally proper where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed. *Trevizo*, 871 F.3d at 682-83. However, in cases where further administrative review could remedy the Commissioner's errors, remand is appropriate. *McLeod v. Astrue*, 640 F.3d 881, 888 (9th Cir. 2011); *Harman v. Apfel*, 211 F.3d 1172, 1179-81 (9th Cir. 2000). Generally, when the Court reverses an ALJ's decision "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004).

Here, the ALJ erred by failing to properly evaluate the opinion of Lofgran. The circumstances presented in this case suggest that further administrative review could

remedy the Commissioner's errors. *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014) (Remand is proper where "the record as a whole creates serious doubts as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act."). Accordingly, the Court finds it appropriate to reverse and remand for further administrative proceedings.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that:

1) The decision of the Commissioner of Social Security be **REVERSED**;

2) This action be **REMANDED** to the Commissioner for further proceedings consistent with this opinion;

3) The Remand shall be considered a "sentence four remand," consistent with 42 U.S.C. § 405(g) and *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002); and

4) Judgment be **ENTERED** in favor of Plaintiff.

DATED: January 2, 2024

Honorable Debora K. Grasham
United States Magistrate Judge